UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA SAXTON,

    Plaintiff,

v.                                          Case No. 8:19-cv-2670-T-60TGW

DOLLAR TREE STORES,
INC. and JANE DOE,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on "Defendant Dollar Tree's Motion to Dismiss Count II of the Complaint," filed by counsel on November 2, 2019. (Doc. # 3). Plaintiff filed a response in opposition on November 11, 2019. (Doc. # 7). The Court held a hearing on the motion on December 4, 2019. (Doc. # 14). After reviewing the motion, response, legal arguments, court file, and the record, the Court finds as follows:

## Background[1]

Plaintiff alleges that while walking in the Dollar Tree, she slipped on a wet and slippery floor and sustained injuries. She brings negligence claims against Dollar Tree and against Jane Doe, an unknown employee who allegedly was working in the store on the day of Plaintiff's accident.

Plaintiff filed her complaint in state court on October 3, 2019. (Doc. #1-1). On October 26, 2019, Dollar Tree removed the case because complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000. (Doc. # 1). On November 2, 2019, Dollar Tree filed a motion to dismiss Count II – the negligence claim against Jane Doe. (Doc. # 3). Plaintiff filed a response on November 11, 2019. (Doc. # 7). The Court held a hearing on the motion on December 4, 2019. (Doc. # 14).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation*

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555. A claim is facially plausible when the pleaded facts "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The Court is not required to accept legal conclusions stated as factual allegations as true. *Iqbal*, 556 U.S. at 678.

## Analysis

In its motion, Dollar Tree argues that Plaintiff failed to plead Jane Doe was actively negligent and personally participated in the tortious conduct, and therefore she cannot be held individually liable to Plaintiff.[2] The Court agrees.

It is well established that an agent of a corporation may be individually liable if they commit or participate in a tort, even if the acts are within the course and scope of employment. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st

---

[2] Dollar Tree also argued in its motion that Jane Doe cannot be held personally liable to Ms. Saxton under Florida's Transitory Foreign Substance Statute, § 768.0755, *Florida Statutes.* (Doc. #3). However, counsel conceded at the hearing that Plaintiff could still plead active negligence despite this statute. (Doc. # 14).

DCA 2005). However, to establish liability, the plaintiff must allege the agent owed a duty to her and that the duty was breached through personal – as opposed to technical or vicarious – fault. *Id.* The agent is not personally liable "simply because of his general administrative responsibility for performance of some function" of his employment. *Id.* (citation omitted). Rather, plaintiff must plead that the agent is actively negligent. *Id.* (finding complaint alleging that the defendant, the manager of a Wal-Mart store, was directly responsible for carrying out certain responsibilities but negligently failed to do so alleged more than mere vicarious fault). Further, it is well-established that a plaintiff must provide facts to support allegations that the agent of a corporation played a role in plaintiff's injuries. *See, e.g.*, *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-CV-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (plaintiff failed to provide facts demonstrating that the defendant, a Petco store manager, played any role in her injuries, and therefore the court could find no reasonable basis for the plaintiff's claim against the manger); *Pritchard v. Wal-Mart Stores, Inc.*, No. 809-CV-46-T-24TGW, 2009 WL 580425, at *3 (M.D. Fla. Mar. 5, 2009) (dismissing negligence claim filed against Wal-Mart manager who had control of the store that sold the plaintiff contaminated peanut butter and finding "it is questionable as to whether Plaintiffs have even sufficiently alleged their negligence claims against Gunderjahn [the manager], since those claims are merely based on vague, conclusory allegations") (alteration in original); *Gomez v. Wal-Mart Stores East, LP*, No. 16-CV-21356, 2016 WL 4468317, at *2 (S.D. Fla. Aug. 24, 2016) (dismissing negligence

claim when complaint merely alleged that the defendant served as the manager of a Wal-Mart store on the date of the incident and failed to allege that the manager breached a duty through her personal conduct); *Petigny v. Wal Mart Stores East, L.P.,* No. 18-23762-CIV, 2018 WL 5983506, at *3 (S.D. Fla. Nov. 14, 2018) (dismissing complaint against assistant manager of a Wal-Mart store and noting that the plaintiff's complaint did not allege facts to show that the manager caused grapes to be on the floor, was told the grapes were on the floor, was in the area of plaintiff's incident prior to the event in order to correct it, or that she was otherwise actively negligent).

Plaintiff alleges, in part, that Jane Doe, a Dollar Store employee, was "involved in the incident," she owed a duty to plaintiff to perform her job in a safe and reasonable manner to prevent customers from slipping and falling on substances on the floor, and that she "negligently failed to clean up a spill in the store when directed to do so, improperly cleaned up a spill when directed to do so, and/or, negligently failed to put out caution cones or warning signs in the store." Plaintiff cites to *White* to support her argument, however, *White* involved a store manager who was alleged to have been directly responsible for carrying out certain responsibilities. Here, Plaintiff merely states Jane Doe was involved in the incident, failing to provide any facts, beyond conclusory allegations, that demonstrate her role in Plaintiff's injury. *See Boyd*, 2018 WL 4360621, at *3. In order to state a facially sufficient claim against Jane Doe, Plaintiff must plead active negligence or personal fault.

Consequently, the Court dismisses Count II, without prejudice. Plaintiff must amend her complaint to sufficiently plead that Jane Doe was actively negligent or personally at fault, if she may do so in good faith.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Dollar Tree's Motion to Dismiss Count II of the Complaint," (Doc. # 3) is hereby granted.

2. Count II is dismissed without prejudice. Plaintiff is directed to file an amended complaint to correct the pleading deficiencies identified in this Order on or before January 10, 2020. Failure to do so will result in the dismissal of this claim without prejudice, without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 10th day of December, 2019.

                                                **TOM BARBER**
                                                **UNITED STATES DISTRICT JUDGE**